UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26 (3) (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS** |
| CHRISTOPHER LEE WUORI, | |
| Defendant. | |

Andrew S. Dunne and Andrew R. Winter, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Christina Zauhar, **HALBERG CRIMINAL DEFENSE**, 7900 Xerses Avenue South, Suite 1700, Bloomington, MN 55341, for defendant.

Defendant Christopher Lee Wuori is currently incarcerated and has asked the Court to modify his 262-month sentence. In the alternative, Wuori asks the Court to correct his sentence by vacating the original sentence and ordering a new sentencing hearing. In response, the United States moves to dismiss each of Wuori's motions. Because the Court did not err in the 2019 resentencing of Wuori, and because Wuori's § 2255 motion is untimely and lacks merit, the Court will grant the United States' motion to dismiss.

**BACKGROUND**

Wuori pled guilty to Count 1 of a forty-seven-count indictment for Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d). (Sentencing J., July 9, 2013, Docket No. 1291; Indictment, Jan. 19, 20212, Docket No. 18.) The United States and Wuori contemplated that Wuori's total offense level would be 34 and his criminal history score would be VI. (Plea Agreement at 8–9, Jan. 15, 2013, Docket No. 932.) As part of the plea agreement, the United States and Wuori agreed to seek a sentence of 262 months—the bottom of the applicable Guidelines range for a total offense level of 34 and criminal history score of VI. (*Id*. at 9.) The Presentence Investigation Report ("PSR"), however, calculated that Wuori's total offense level was in fact 37. (Presentence Report ¶ 286.) The PSR also designated Wuori as a career offender based on prior state convictions of simple robbery and third-degree burglary and determined his criminal history score to be VI. (*Id.* ¶ 287.) Accordingly, the applicable Guidelines range was 360 months to life in prison. (Statement of Reasons ("SOR") at 1, July 9, 2013, Docket No. 1292.) On July 9, 2013, in light of several factors, the Court found that a 262-month sentence was sufficient but not greater than necessary to achieve the statutory purposes of sentencing. (*Id.* at 3.)

In 2018, Wuori moved for a sentence reduction after the Supreme Court ruled in *Hughes v. United States* that the Sentencing Commission's Amendment 782—which retroactively lowered the base offense level for drug offenses under U.S.S.G. § 2D1.1—

was applicable to the type of plea agreement to which Wuori agreed. 138 S. Ct. 1765, 1778 (2018); USSG App. C, Amdt. 782 (effective Nov. 1, 2014). The Court determined that although a one-level offense base reduction was warranted, Wuori's 262-month sentence was already below the new resulting 324-month minimum guideline range, so a further reduction of Wuori's sentence was not warranted. (Order at 2, June 17, 2019, Docket No. 1911.) Thus, the Court denied Wuori's motion to reduce his sentence. (*Id.*)

Wuori now argues that the Court erred in recalculating his guidelines sentencing range because the Court applied a career offender designation without considering Amendment 798, which is another amendment to the Guidelines implemented since Wuori's original conviction. *See* USSG App. C, Amdt. 798 (effective Aug. 1, 2016). Wuori also argues that his sentence must be reconsidered because the Supreme Court in *United States v. Davis* held that the crime of conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) cannot be used as the basis for career offender designation under the Guidelines.

Wuori asks the Court to modify his 262-month sentence or, in the alternative, to vacate the original sentence and order a new sentencing hearing.

**DISCUSSION**

Wuori argues that Amendment 798 to the Sentencing Guidelines and recent decisions by the Supreme Court justify granting his motions. The Court disagrees because Amendment 798 is not retroactive and because *Davis* and its progeny do not apply to the Guidelines or Wuori's case.

### I. MOTION TO MODIFY

Wuori first moves for modification under 18 U.S.C. § 3582 because he believes that the Court erred in considering him a career offender and determining his criminal history score was VI in his 2019 resentencing. Section 3582 authorizes a district court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

#### A.    Amendment 798

Wuori argues that he is entitled to a sentence reduction because he would no longer qualify as a career offender in light of Amendment 798's changes to the career offender guideline in USSG §§ 4B.1.1 and 4B1.2. Amendment 798 eliminated burglary as a crime of violence upon which career offender status may be predicated. *See* USSG App. C, Amndt. 798 (effective Aug. 1, 2016).[1]

Critically, amendments to the Sentencing Guidelines are not all automatically retroactive. *See* U.S.S.G. § 1B1.10(d) (listing amendments that are retroactive, but not including Amendment 798); *see also United States v. Strevig*, 663 Fed. Appx. 908, 912 (11th Cir. 2016); *Mathis v. United States*, 2017 WL 4280679, *3 (E.D. Mo. Sept. 27, 2017). Instead, amendments to the Sentencing Guidelines must be explicitly designated as retroactive, as was the case with Amendment 782, which the Court relied on at

---

[1] Available at https://www.ussc.gov/guidelines/amendment/798.

resentencing. But because Amendment 798 is not retroactive, it did not apply to Wuori when he was resentenced, and no modification or reduction is warranted now.

### B. *Johnson*

Additionally, the Supreme Court's ruling in *Johnson v. United States* is not directly applicable to Wuori because the holding in that case applied to sentences under the Armed Career Criminal Act ("ACCA") and Wuori was not sentenced under that statute. 576 U.S. 591, (2015) ("We hold that imposing an increased sentence under the residual clause of the **Armed Career Criminal Act** violates the Constitution's guarantee of due process.") (emphasis added).

Because Amendment 798 is not retroactive and the Supreme Court's decision in *Johnson* is inapplicable, the Court did not err in its 2019 resentencing of Wuori and thus Wuori's motion to reconsider will be denied on that basis.

## II. MOTION TO VACATE AND RESENTENCE

Next, Wuori moves for resentencing under 28 U.S.C. § 2255, which allows prisoners to challenge sentences in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). However, Wuori's motion is time barred. Even if it were not, the motion would fail on the merits because the cases Wuori relies on to challenge his sentence do not in fact apply to him.

### A. Motion is Time Barred

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In Wuori's case, the parties agree that the statute of limitations began to run on June 24, 2019, when the Supreme Court ruled on *Davis*, the decision upon which Wuori seeks relief. Therefore, Wuori's motion is considered untimely after June 24, 2020. Since Wuori filed this motion on June 16, 2022, his motion is untimely under the statute. Wuori concedes that the motion is untimely but argues that he is entitled to equitable tolling of the limitation period.

### B.   Equitable Tolling

A petitioner is entitled to equitable tolling only by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation omitted). Wuori argues that he diligently pursued his rights because he sought

the appointment of counsel after his previous one mistakenly told him nothing could be done. Further, Wuori explains that the COVID-19 pandemic and its consequences created extraordinary circumstances that prevented his timely filing, including him being confined in a Special Housing Unit ("SHU"), being in lockdown, being in transit, and being unable to contact his current counsel or access the law libraries.

While the circumstances that Wuori described are indeed challenging, they do not rise to the level of extraordinary circumstances needed to justify equitable tolling. Confinement to a SHU is not enough on its own to constitute an extraordinary circumstance. *See Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (holding that "five-month confinement in the Special Housing United does not constitute an extraordinary circumstance warranting the application of equitable tolling"). The Court further recognizes that COVID-19 lockdowns have been difficult on inmates, but these are also not enough on their own to justify tolling. See *United States v. Spencer*, 2021 WL 5644347, at *7 (D. Minn. Dec. 1, 2021) (collecting cases). Neither is being in transit between facilities. See *Pepper v. United States*, No. 6:11-CR-03031-01, 2013 WL 5770357, at *2 (W.D. Mo. Oct. 24, 2013) (collecting cases).

Wuori points the Court to *United States v. Jackson*, 25 F. 4th 604 (8th Cir. 2022) to argue that COVID-19 restrictions justify tolling as an extraordinary circumstance. However, *Jackson* does not stand for that proposition and merely quotes a lower court's passing reference to the COVID-19 crisis as likely providing a persuasive argument.

-7-

Ultimately, the Eighth Circuit in that case denied equitable tolling as "not warranted." *See Id.* at 608.

Even if the Court were to find that extraordinary circumstances do exist in Wuori's case, he does not account for the time between June 2019 and November 2019 when he could have timely filed his motion. In sum, Wuori has failed to demonstrate that extraordinary circumstances prevented his timely filing of this motion, and thus the Court will not equitably toll the statute of limitations.

C. **Merits**

Although Wuori's § 2255 motion is time barred, the Court will briefly discuss the merits for the sake of abundant clarity. The crux of Wuori's § 2255 argument is that Supreme Court decisions since his 2019 resentencing warrant the Court vacating his sentence because conspiracy to participate in racketeering activity can no longer be considered a crime of violence for purposes of career offender designation. The Court has already discussed why the *Johnson* decision did not warrant a reduction in Wuori's criminal history score. The same is true of *Davis*. In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) defining "violent felony" was unconstitutionally vague. 139 S. Ct. at 2336. But Wuori was not sentenced under § 924. Rather, he was designated as a career offender under the Sentencing Guidelines.

The challenge for Wuori is that although the Supreme Court invalidated language in § 924 that is almost identical to the Guidance language, that decision does not impact the Sentencing Guidelines because the Guidelines are not subject to the same challenge

for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (holding that the Sentencing Guidelines are "not amenable to a vagueness challenge"). Therefore, even if identical language is struck down in a statute, that does not impact the Guidelines unless the court explicitly finds that it does, or if the Sentencing Commission amends the Guidelines.

Therefore, the Supreme Court's decisions in *Johnson* and *Davis* do not impact the Sentencing Guidelines' definition of career offender and the Court's determination of a criminal history score of VI at resentencing was warranted. Consequently, these decisions do not warrant the Court vacating Wuori's sentence.

### D.     Certificate of Appealability

Lastly, 28 U.S.C. § 2253(c) dictates that an appeal may not be taken to the court of appeals from the final order in a section 2255 proceeding unless a judge issues a Certificate of Appealability ("COA"). A COA should only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2)-(3). The Supreme Court has further clarified that a COA is only appropriate if petitioner has shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Wuori has not made a substantial showing of either the denial of a constitutional right, or that reasonable jurists could debate whether his Section 2255

petition should have been resolved in a different manner because Wuori's petition is time-barred and lacks merit. Thus, the Court will not grant a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss [Docket No. 2239] is **GRANTED**.

1. Defendant's Motion to Modify Sentence [Docket No. 2192] is **DENIED**.

2. Defendant's Motion to Vacate Sentence [Docket No. 2193] is **DENIED**.

3. The Court does **NOT** grant a certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINLY.**

DATED: January 18, 2023　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge