UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26(3) (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| CHRISTOPHER LEE WUORI, | |
| Defendant. | |

Andrew S. Dunne and Andrew R. Winter, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Christopher Lee Wuori, Reg. No. 16298-041, FCI – Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525, *pro se* Defendant.

Defendant Christopher Lee Wuori is currently incarcerated after pleading guilty to Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d). (Sentencing J. at 1, July 9, 2013, Docket No. 1291.)  The applicable Guidelines range at sentencing was 360 months to life in prison.  (Statement of Reasons at 1, July 9, 2013, Docket No. 1292.)  At sentencing, the Court found that a 262-month sentence was sufficient but not greater than necessary to achieve the statutory purposes of sentencing. (*Id.* at 3.)

In 2018, Wuori moved for a sentence reduction, and the Court denied the motion. (Am. Order at 2, June 17, 2019, Docket No. 1911.)  In 2022, Wuori moved to vacate his

sentence under 28 U.S.C. § 2255, which allows prisoners to challenge sentences imposed that are in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). (1st Mot. Vacate, June 16, 2022, Docket No. 2193.) The Court denied that motion both because it was time barred and because it lacked merit. (Order Granting Mot. Dismiss at 5–6, 8–9, Jan. 18, 2023, Docket No. 2269.)

Wuori has now filed another motion to vacate his sentence, now arguing that he was wrongly sentenced to a term exceeding the statutory maximum. (2nd Mot. Vacate at 4, Apr. 25, 2023, Docket No. 2306.) The United States has moved to dismiss Wuori's motion as an unauthorized successive motion to vacate sentence under § 28 U.S.C. § 2255, arguing that the Court lacks jurisdiction to consider the motion. (Mot. Dismiss, May 12, 2023, Docket No. 2308.)

A District Court may not consider a prisoner's successive or second habeas petition under § 2255 unless the motion has been authorized by a three-judge panel of the court of appeals. 28 U.S.C. § 2244(b)(3)(B). This rule is not discretionary and cannot be circumvented by simply refiling in the district court. *Boykin v. United States*, 242 F.3d 373, 373 (8th Cir. 2000) (describing the court of appeals approval requirement as "absolute"). A habeas petition is not considered "second or successive" only if either (1) there is a new rule of constitutional law—decided by the Supreme Court and made retroactive—or (2) the factual predicate for the petition could not have been discovered previously through the exercise of due diligence and would be sufficient to establish that, "but for

constitutional error," no reasonable factfinder would have found the applicant guilty of the offense. 28 U.S.C. § 2244(b)(2).

Wuori argues that this does not constitute a successive habeas petition because the first petition was not decided on the merits. (Resp. Mot. Dismiss at 1, June 21, 2023, Docket No. 2314.) However, the Court unequivocally considered the substance of Wuori's first petition and found that the petition lacked merit. (*See* Order Granting Mot. Dismiss at 1, 8–9.)

Critically, Wuori fails to identify facts that were unknown at the time of the previous petition or that establish his innocence as required by 28 U.S.C. § 2244(b)(2)(B). Wuori argues that he was sentenced to a term above the mandatory minimum, which he did not argue in his first motion to vacate.[1] However, he has not identified any new constitutional law that applies retroactively and has not identified any facts that could not have been discovered through the exercise of due diligence or that would establish

---

[1] 18 U.S.C. § 1963(a) provides that anyone convicted under § 1962 "shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment). Wuori argues that although he was advised that he could face life in prison, that was not the case because the underlying racketeering activity he was charged with could not be a predicate for a life in prison sentence. (Resp. Mot. Dismiss at 7.) Based on his motion, it appears that Wuori believes the underlying racketeering activity that triggered the potential life in prison sentence was attempted murder. (*Id.*) However, as the Presentence Report states, the triggering count was the **distribution of controlled substances** in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846—a fact that was noted in the "Note of Special Findings Regarding Count 1" of the indictments. (Presentence Investigation ¶ 343, at 94; Indictment at 28–29, Jan. 19, 2012, Docket No. 18; Superseding Indictment at 31–32, July 19, 2012, Docket No. 709.)

by clear and convincing evidence his innocence. Accordingly, the Court concludes that this is a second or successive habeas petition under § 2255, that Wuori has not been authorized to file a second or successive habeas petition, and that the Court lacks jurisdiction. If Wuori wishes to challenge his sentence on the grounds asserted in his petition, he must first receive permission from the Eighth Circuit.

Lastly, 28 U.S.C. § 2253(c) dictates that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a judge issues a Certificate of Appealability ("COA"). A COA should only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(3). The Supreme Court has further clarified that a COA is only appropriate if petitioner has shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Wuori has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate whether his petition for habeas corpus should have been resolved in a different manner.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Dismiss [Docket No. 2308] is **GRANTED**;

2. Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket No. 2306] is **DISMISSED** with prejudice; and,

3. The Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINLY.**

DATED:  August 1, 2023 　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota. 　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge