UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LEE WUORI,<br><br>Defendant. | Crim. No. 12-26(3) (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER** |

Andrew S. Dunne and Andrew R. Winter, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Christopher Lee Wuori, Reg. No. 16298-041, FCI – Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525, *pro se* Defendant.

Defendant Christopher Lee Wuori is serving a 262-month sentence after pleading guilty to Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d). (Sentencing J. at 1–2, July 9, 2013, Docket No. 1291.) In 2018, Wuori moved for a sentence reduction, which the Court denied. (Am. Order at 4, June 17, 2019, Docket No. 1911.) In 2022, he moved to vacate his sentence under 28 U.S.C. § 2255, which the Court denied because the motion was time-barred and lacked merit. (Order Granting Mot. Dismiss at 5–6, 8–9, Jan. 18, 2023, Docket No. 2269.) In 2023, Wuori filed another § 2255 motion to vacate, arguing that he was wrongly sentenced to a term exceeding the statutory maximum. (Order Den. Mot. Vacate at 2, Aug. 1, 2023, Docket No. 2321.) The

Court denied the motion because it lacked jurisdiction. (*Id.* at 4.) Wuori now asks the Court to reconsider its denial of his successive § 2255 petition. (Def.'s Mot. Reconsider, Sept. 19, 2023, Docket No. 2327.) The United States opposes the motion, arguing that the Court correctly held that it lacked jurisdiction to consider Wuori's successive § 2255 motion. (Pl.'s Resp. at 1, Nov. 9, 2023, Docket No. 2336.)

As a threshold matter, a party may not file a motion to reconsider unless it has obtained the court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j). Wuori has filed a motion to reconsider, but he neither requested nor received permission from the Court to file such a motion. As a result, the Court will liberally construe his pro se filing as a request for permission to file a motion to reconsider and consider it accordingly. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Granting permission to file a motion to reconsider is appropriate when necessary to afford a party "an opportunity for relief in extraordinary circumstances." *Shukh v. Seagate Tech., LLC*, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quotation omitted).

In his motion, Wuori fails to assert manifest errors of law or present newly discovered evidence that warrants granting him permission to file his motion to reconsider. Instead, he merely repeats his arguments that the Court did not analyze the

-2-

merits of his first motion to vacate, which the Court discredited in its prior order. (Order Den. Mot. Vacate at 3 ("Wuori argues that this does not constitute a successive habeas petition because the first petition was not decided on the merits . . . However, the Court unequivocally considered the substance of Wuori's first petition and found that the petition lacked merit.").) A court may not consider a prisoner's successive § 2255 motion unless the motion has been authorized by a three-judge panel of the court of appeals. 28 U.S.C. § 2244(b)(3)(A)–(B). Because Wuori had not obtained the required authorization from the Eighth Circuit to file his successive § 2255 motion, the Court correctly concluded that it lacked jurisdiction to consider the motion.

The Court finds that Wuori has failed to show compelling circumstances that would warrant reconsideration of its dismissal of his successive motion to vacate. Accordingly, the Court will deny Wuori's request for permission to file a motion to reconsider.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider [Docket No. 2327] is **DENIED**.

DATED:  February 20, 2024                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                         United States District Judge