UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CHRISTOPHER LEE WUORI,<br><br>        Defendant. | Criminal No. 12-26 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO SUPPLEMENT THE RECORD AND DENYING MOTION FOR COMPASSIONATE RELEASE** |

---

Andrew S. Dunne and Andrew R. Winter, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Christopher L. Wuori, BOP Reg. No. 16298-041, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525, *pro se* Defendant.

Christopher Wuori is currently serving a 262-month sentence after pleading guilty to Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d). He moves for compassionate release on various grounds, including that he is the only available primary caregiver to his aging, ailing parents. Wuori also moves to supplement the record with further documentary evidence to support his compassionate release motion. Because the additional evidence Wuori seeks to introduce is relevant to his parents' medical conditions and to analyzing Wuori's Motion for Compassionate Release, the Court will grant his Motions to Supplement the Record. Because Wuori has not

demonstrated "extraordinary and compelling reasons" for compassionate release and his release would not comport with the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court will deny his Motion for Compassionate Release.

## BACKGROUND

After Wuori pleaded guilty to one count of Conspiracy to Participate in Racketeering Activity, the Court sentenced him to a 262-month term of imprisonment. (Sentencing J. at 1–2, July 9, 2013, Docket No. 1291.) Wuori moved to reduce his sentence three times, each of which was denied by the Court for various reasons. (Am. Order at 3–4, June 17, 2019, Docket No. 1911; Mem. Op. & Order ("Jan. 2023 Order") at 4–9, Jan. 18, 2023, Docket No. 2269; Mem. Op. & Order at 4, Aug. 1, 2023, Docket No. 2321.)

Wuori now moves for compassionate release, arguing that various grounds support a reduction of his sentence. (Def.'s Mot. for Compassionate Release and/or Reduction in Sentence ("Comp. Release Mot."), Apr. 25, 2024, Docket No. 2357.) In particular, Wuori argues that compassionate release is warranted because (1) he is the only available primary caregiver for his aging and ailing parents; (2) his sentence is unusually long; (3) his sentence produces sentencing disparities; (4) the Court improperly considered juvenile offenses in the original sentencing; (5) his rehabilitative efforts demonstrate that he is not a threat to the public; and (6) the factors set forth in 18 U.S.C. § 3553 support a sentence reduction. (*Id.* at 5.) Wuori attached statements from family members and medical providers, who attest to his parents' health problems and their limited care, (*id.* Exs. at 2–10, 40–43), as well as evidence of his rehabilitative efforts,

including his completion of a variety of courses and programs while incarcerated, (*id.* Exs. at 44–45).

Wuori's parents reside together and struggle to care for each other given their ages and medical conditions. Wuori's father, Rick Wuori, is 63 years old and suffers from cirrhosis of the liver and cancer, which have caused multiple hospitalizations and require consistent medication. (*Id.* at 5–6; *id.* Exs. at 2–5.) His conditions also require him to receive paracentesis treatment every 7 to 10 days, which involves draining excess fluids out of his abdomen to improve his breathing. (*Id.* Exs. at 4.) Wuori's mother, Kim Wuori, is 64 years old and struggles with, among other things, dementia, alcoholism, hearing loss, and anxiety. (*Id.* at 6; *id.* Exs. at 6–8.) Wuori attests that his parents' conditions require full-time care and that "he is now the only caregiver available to take care of his parents." (*Id.* at 6.)

Wuori has three siblings, all brothers, whom he claims are unable "to serve as primary caregivers due in part to work and other familial obligations that prevents daily or round the clock care that the petitioner is currently able to provide to his parents." (*Id.* at 6–7.) Wuori's oldest brother, Chad Wuori, lives and works in Syracuse, New York with his wife and two kids. (*Id.* at 7; *id.* Exs. at 9.) Another brother, Ricky Wuori Jr., is the only child who lives within a close distance to the parents. (*Id.* Exs. at 10.) Although Ricky Wuori Jr. has tried to help care for his parents "as much as [he] can," it "can be difficult at times with [his] own family and work," especially when the father's medical

appointments take place approximately 5.5 hours away from home. (*Id.*) Ultimately, Ricky Wuori Jr.'s obligations to his wife and four kids make it so that "he is unable to invest the time and effort that is required on a potentially full-time basis" to be the parents' primary caregiver. (*Id.* at 7.) The third brother, Corey Wuori, is currently incarcerated. (*Id.* at 7.) Given his siblings' obligations and life situations, Wuori emphasizes that he is the only option to provide full-time care to his parents. (*Id.*)

Wuori has two other relatives who live in-state. His paternal grandmother, who is 81 years old, lives three hours away from Wuori's parents and struggles with her own "health issues." (*Id.* Exs. at 40.) And Wuori's aunt, 86, lives two hours away and claims that she cannot help Wuori's parents given her age. (*Id.* Exs. at 42.)

In support of his motion, Wuori provided his release plan, wherein he describes how he has developed "a passion for eating healthy and working out" while incarcerated and his aspiration to become a personal trainer when released. (*Id.* Exs. at 11–13.) He also explains his long-term goal of fixing up and renting an apartment complex for ex-prisoners to help them safely reintegrate into society and, separately, to open his own trucking and shipping company. (*Id.* Exs. at 14–20.)

## DISCUSSION

### I. MOTIONS TO SUPPLEMENT

Because the Court's analysis of the Motion for Compassionate Release depends in part on the Motions to Supplement the Record, the Court will analyze the motions to supplement first. Wuori filed four motions to supplement the record with additional

information and documents regarding his parents' health conditions.[1]  Namely, the supplemental materials include: (1) a timeline of Rick Wuori's liver cirrhosis and cancer diagnosis; (2) progress notes and messages sent from medical personnel to Rick Wuori and Kim Wuori between 2019 and 2024 regarding their medical conditions and care; (3) a June 17th statement from Wuori that both of his parents' medical conditions are worsening and that Rick Wuori now uses a walker; (4) a July 16th statement from Wuori that his father was hospitalized twice since his last update; and (5) an August 1st letter from Rick Wuori that includes medical records from his June 2024 hospitalization. (Def.'s Mot. Suppl. R. Exs. at 1–13, May 10, 2024, Docket No. 2368; Def.'s Mot. Suppl. R. Ex. 1 at 1, June 17, 2024, Docket No. 2371; Sealed Def.'s Ex. at 1–23, June 17, 2024, Docket No. 2372; Def.'s Letter at 1–2, July 16, 2024, Docket No. 2374; Def.'s Letter to District Judge, Aug. 1, 2024, Docket No. 2377; Sealed Def.'s Exhibit, Aug. 1, 2024, Docket No. 2378.)

Granting a motion to supplement the record is proper where the additional information is relevant and not previously available. *See Ortiz–Alvarado v. Gomez*, No. 14-209, 2014 WL 3952434, at *3 (D. Minn. Aug. 13, 2014).  Additional evidence regarding Rick and Kim Wuori's medical conditions is relevant and would aid the Court in analyzing

---

[1] Two of the documents are letters that update the Court concerning Wuori's father's June 2024 hospitalization, (Def.'s Letter, July 16, 2024, Docket No. 2374), and his medical records from that visit, (Def.'s Letter to District Judge, Aug. 1, 2024, Docket No. 2377).  The letters do not explicitly request to supplement the record, but nonetheless contain information that would supplement the record and support Wuori's Motion for Compassionate Release.  The Court will thus liberally construe these letters as additional motions to supplement the record. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wuori's Motion for Compassionate Release. The Court finds that Wuori's failure to discover the evidence in a timelier fashion is excused, particularly given his incarcerated status and the difficulties that incarcerated individuals experience in sending and receiving mail. As a result, the Court will grant Wuori's Motions to Supplement the Record.

## II. MOTION FOR COMPASSIONATE RELEASE

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). A defendant can move for compassionate release after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Since Wuori exhausted all administrative remedies, (*see* Comp. Release Mot. Exs. at 1), the Court may modify his sentence after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

Wuori lists five grounds in support of his argument that extraordinary and compelling reasons exist in his case. The Court will analyze each ground in turn.

### 1. Family Circumstances

First, Wuori claims that his family circumstances, namely, his aging and ailing parents' need for a primary caregiver, warrant a sentence reduction. The Court disagrees.

Extraordinary and compelling reasons exist when the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." USSG §1B1.13(b)(3)(C). Incapacitation, as defined by the Bureau of Prisons, occurs when the defendants' family member (1) has "[s]uffered a serious injury, or a debilitating physical illness" such that the family member "is completely disabled, meaning that the [family member] cannot carry on any self-care and is totally confined to a bed or chair," or (2) has "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [family member's] mental capacity or function), but may not be confined to a bed or chair." Fed. Bureau of Prisons, Program Statement 5050.50 at 10 (2019).[2] Based on this definition, Wuori's mother might be incapacitated due to her worsening dementia. But Rick Wuori is not incapable of carrying on self-care, nor is he confined to a wheelchair due to a debilitating illness. His cirrhosis of the liver has required hospitalization and his use of a walker, but he receives medication and paracentesis treatments as needed for the condition. (*See* Sealed Def.'s Ex. at 3–4.) Moreover, medical records indicate that Rick's cancer went into spontaneous complete metabolic remission.

---

[2] The Program Statement is accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

(*Id.* at 7.)  Rick Wuori's most recent medical records indicate that his main health problems stem from his liver cirrhosis, which, while serious, has not incapacitated him. (*Id.* at 9.)

Even if both of Wuori's parents were incapacitated, however, Wuori has not demonstrated that he is the only family member able to care for them.  *Cf. United States v. Dixon*, No. 13-302, 2023 WL 1477836, at *3 (D. Minn. Feb. 2, 2023); *United States v. Ziegler*, No. 20-188, 2023 WL 5769448, at *4–5 (D. Minn. Sept. 7, 2023).  Wuori's brother, Ricky Wuori Jr., lives near the parents and admits that he has been providing some care for them.  While the Court is sympathetic to the fact that providing care for aging and ailing parents is difficult for Ricky Wuori Jr. given his other obligations, these circumstances do not rise to the level of extraordinary and compelling reasons that warrant a reduction in Wuori's sentence.  There is nothing extraordinary and compelling about a family's desire to ideally have extra help on hand to care for aging and ailing parents.  *See, e.g.*, *United States v. Ordonez*, No. 17-284, 2024 WL 1585660, at *3 (D. Minn. Apr. 11, 2024).  Wuori has thus not demonstrated that his family circumstances pose an extraordinary and compelling reason for compassionate release.

    **2.**     **Unusually Long Sentence**

Wuori next argues that Amendment 798 to the Sentencing Guidelines and a sentencing disparity between himself and his co-defendants create an extraordinary and compelling reason for compassionate release.  The Court disagrees.

-8-

Extraordinary and compelling reasons may exist "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, and a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG §1B1.13(b)(6). Wuori claims that he is entitled to a sentence reduction because he would no longer qualify as a career offender in light of Amendment 798's changes to the career offender guideline in USSG §§ 4B.1.1, 4B1.2. Amendment 798 eliminated burglary as a crime of violence upon which career offender status may be predicated. *See* USSG App. C, Amdt. 798 (effective Aug. 1, 2016).[3] The Court previously rejected this argument raised by Wuori in a prior motion to modify his sentence. (*See* Jan. 2023 Order at 4.)

While Wuori has served over 10 years of his sentence, the guidelines instruct that an extraordinary and compelling reason may exist if a change in the law "other than an amendment to the Guidelines Manual that has not been made retroactive" would produce a gross disparity. USSG §1B1.13(b)(6). Critically, amendments to the Sentencing Guidelines are not automatically retroactive. *See* USSG § 1B1.10(d) (listing amendments that are retroactive, but not including Amendment 798); *see also United States v. Strevig*, 663 Fed. Appx. 908, 912 (11th Cir. 2016); *Mathis v. United States*, 2017 WL 4280679, *3

---

[3] The amendment is accessible at https://www.ussc.gov/guidelines/amendment/798.

(E.D. Mo. Sept. 27, 2017). Instead, amendments to the Sentencing Guidelines must be explicitly designated as retroactive. Because Amendment 798 is not retroactive, it does not apply to Wuori and cannot supply a basis for an extraordinary and compelling reason for compassionate release.

### 3. Sentencing Disparity

Wuori also argues that compassionate release is warranted because there is "a stark sentencing disparity between himself and his more cupable [sic] co-defendants, who in fact received lesser sentences." (Comp. Release Mot. at 11.) The Court disagrees.

The Court explicitly discussed and considered the need to avoid unwarranted sentencing disparities between Wuori and his co-defendants at the sentencing hearing. (*See* Tr. of Sentencing Hr'g at 19, Mar. 14, 2019, Docket No. 1895); *United States v. Fry*, 792 F.3d 884, 891 (8th Cir. 2015) (finding no error where district court discussed need to avoid unwarranted sentencing disparities among defendants). Plus, Wuori's 262-month sentence is already substantially below the guideline minimum of 324 months that applied at his 2019 resentencing. (*See* Am. Order at 4.) Accordingly, no extraordinary and compelling reason warrants a sentence reduction based on unwarranted sentencing disparities.

### 4. Consideration of Juvenile Offenses

Wuori next argues that extraordinary and compelling reasons warrant a sentence reduction because during his original sentencing hearing, the Court should not have used juvenile offenses to label him a career offender and thus enhance his sentence. However,

the Sentencing Guidelines instruct courts to include certain juvenile offenses and convictions in the criminal history category evaluation. *See* USSG §4A1.1, cmt. n.1, n.2. Wuori's juvenile sentences met these criteria and were therefore properly considered in determining his criminal history category and qualification as a career offender. Despite Wuori's well-taken claim that "the Sentencing Commission is presently discussing alternatives regarding the use of Juvenile Adjudications for purposes [of] career [o]ffender status," (Comp. Release Mot. at 13), the fact remains that the sentence was proper at the time of sentencing and remains so today. Indeed, as observed above, the Court in its discretion elected for a sentence that was substantially below the Guidelines' recommendation. No extraordinary and compelling reason for compassionate release exists based on Wuori's criminal history.

### 5. Rehabilitation

Lastly, Wuori argues that his rehabilitative efforts, including his successful completion of his G.E.D., the Drug Education Program, and a multitude of life skills and rehabilitative courses, indicate that "he has grown out of his delinquent behavior and has endeavored to expand upon his educational, lifeskills [sic], and career successes." (Comp. Release Mot. at 16.) The Court applauds Wuori for dedicating his time while incarcerated to educate himself and gain life and career skills that will be valuable upon his release. Nevertheless, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" warranting compassionate release. USSG §1B1.13(d). "Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to

improve themselves. . . . [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do." *United States v. Gonzalez*, No. 97-147, 2022 WL 2318545, at *1 (D. Minn. June 28, 2022) (quoting *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021)). Accordingly, Wuori's rehabilitative efforts offer no extraordinary and compelling reason for compassionate release.

\*   \*   \*

In sum, the Court finds that Wuori has not demonstrated extraordinary and compelling reasons that support compassionate release at this time.

### B.   18 U.S.C. § 3553(a) Sentencing Factors

Even if the Court had found extraordinary and compelling reasons, which it does not, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support a reduction of Wuori's sentence. When considering a motion for compassionate release, the Court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Wuori claims his acceptance of responsibility and low recidivism risk due to prison programming are sufficient to support compassionate release under the § 3553(a) factors. The Court respectfully disagrees.

Wuori held a substantial leadership role in the Native Mob. His underlying conviction of Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C.

§ 1962(d) is a felony that is considered a crime of violence and a controlled substance offense. His offense conduct involved acts of distribution of controlled substances, including quantities of crack cocaine, and aiding and abetting in attempted murder. Wuori's progress toward rehabilitation, while commendable, does not discount the serious concerns that he is still a threat to the public. The Court appreciates the strides that Wuori has made while incarcerated but finds that compassionate release is not warranted at this time.

## CONCLUSION

The Court will grant Wuori's Motions to Supplement the Record because the additional evidence he seeks to introduce are relevant to his parents' medical conditions and to analyzing Wuori's Motion for Compassionate Release. The Court will deny Wuori's Motion for Compassionate Release because he has presented no "extraordinary and compelling reasons" for compassionate release and a sentence reduction would not comport with the 18 U.S.C. § 3553(a) sentencing factors.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Motion to Supplement the Record [Docket No. 2368] is **GRANTED**;

2. Defendant's Motion to Supplement the Record [Docket No. 2371] is **GRANTED**;

3. Defendant's Motion to Supplement the Record [Docket No. 2374] is **GRANTED**;

4. Defendant's Motion to Supplement the Record [Docket No. 2377] is **GRANTED**; and

5. Defendant's Motion for Compassionate Release [Docket No. 2357] is **DENIED**.

DATED: September 5, 2024                              \_\_\_\_s/John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.                                      JOHN R. TUNHEIM
                                                         United States District Judge