**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Criminal No. 12-26(3) (JRT/JSM)

Plaintiff,

v.

CHRISTOPHER LEE WUORI,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Defendant.

Christopher Lee Wuori, FCI – Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808, *pro se* Defendant.

Christopher Lee Wuori is serving a 262-month sentence in the custody of the Bureau of Prisons after pleading guilty to Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d).  He moves for compassionate release.  (Mot. Comp. Rel., Aug. 8, 2025, Docket No. 2441.)   Because no extraordinary and compelling circumstances warrant release at this time, and because the sentencing factors would not support release even if such circumstances did exist, the Court will deny the motion.

**DISCUSSION**

Many of the facts relevant to the present motion are set forth in *United States v. Wuori*, Crim. No. 12-26, 2024 WL 4063478 (D. Minn. Sept. 5, 2024), in which the Court denied Wuori's prior motion for compassionate release.

Once a defendant has exhausted administrative remedies,[1] the Court may modify a sentence after it considers the sentencing factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). One situation in which extraordinary and compelling reasons for release may exist is when the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Wuori contends that release is appropriate because of the recent passing of his father, which he asserts leaves him as the only family member who can care for his aging mother, who requires constant care.

However, Wuori's circumstances do not rise to the level of those warranting compassionate release. Wuori concedes that although "no one in the family . . . is available . . . on a consistent basis," there are indeed "other family members are capable of pitching in and helping with caring for [Wuori's] mother"—albeit not full-time. (Mem.

---

[1] The Court concludes that Wuori has satisfied the exhaustion requirement in this case.

Supp. Mot. Comp. Rel. at 13, Aug. 8, 2025, Docket No. 2442.)  In 2024, the Court rejected Wuori's argument regarding his family circumstances by concluding that Wuori's father and brother, Ricky Wuori Jr., were available caregivers for Wuori's mother.  *See Wuori*, 2024 WL 4063478 at *3.  Although Wuori's father has now passed away, it seems that his brother remains a possible caregiver, and accordingly Court concludes Wuori has not shown that he is "the only available caregiver for the parent."   *See* U.S.S.G. § 1B1.13(b)(3)(C).

Wuori also argues that a sentence reduction is warranted under U.S.S.G. § 1B1.13(b)(6), which  provides that extraordinary and compelling reasons may exist "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, [and] a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6).  In 2024, the Court rejected this argument by Wuori, *see Wuori*, 2024 WL 4063478, at *4, and for the reasons articulated in that decision, the Court reaches the same conclusion here.[2]

Finally, the Court notes that Wuori has filed a Motion Requesting Judicial Notice, stating that "he has now been approved for release into the RRCC/Halfway house

---

[2] The Court further concludes, as it did in its 2024 Order, that even if the Court had found extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) would not support release at this time.  *See Wuori*, 2024 WL 4063478 at *5.

-3-

placement program." (Mot. Requesting Jud. Notice, at 1, Mar. 13, 2026, Docket No. 2460.) He contends that this change in status "should clear the hurdle for this Court to consider immediate release from confinement for the exclusive purpose of allowing him to transition to that of Primary Caregiver for his mother." (*Id.* at 3.) However, because the Court determines that Wuori has not carried his burden to demonstrate that extraordinary and compelling circumstances relating to the need to care for his mother warrant his immediate release, the Court will deny his request for judicial notice as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Compassionate Release from Custody (Docket No. [2441]) is **DENIED**.

2. Defendant's Pro Se Motion Requesting Judicial Notice (Docket No. [2460]) is **DENIED as moot**.

DATED: April 27, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge